Bobby Junius ANDRAS and
Judy Sanchez Andras

v.

The HEIRS OF Jean Marie THIBO-
DEAUX, Marceline Herbert, Adouard
Francois Thibodeaux, Louisa Thibo-
deaux, Hypolite Severe Thibodeaux,
Enoch Antoine Thibodeaux, Drauzin
Marcelin Thibodeaux, and Pierre Thi-
bodeaux.

No. 2015–C–928.

Supreme Court of Louisiana.

Oct. 30, 2015.

Louisiana Civil Code article 1305 pro-
vides:

When one of the heirs has enjoyed the
whole or part of the succession separate-
ly, or all the coheirs have possessed
separately each a portion of the heredi-
tary effects, he or they who have thus
separately possessed, can successfully
oppose the suit for a partition of the
effects of the succession, if their posses-
sion has continued thirty years without
interruption.

In this case the trial court rendered
judgment in favor of the applicants/inter-
venors, finding that they had each carried
their burden of proof to show adverse pos-
session of their respective homesteads.
Specifically, the trial court found that, "I
don't think there's any doubt that they've
done that. They've possessed within visi-
ble bounds. They've maintained those
boundaries and done so since the ear-
ly '60s, which means it's been over 40
years." The trial court noted that the
Boudreauxs had cleared land to build a
home, established utilities and services,
lined the property with banana trees, built
a cow pen, and built a catfish pond. The
trial court further noted that when Ken-
neth Boudreaux tried to put his own trailer
on the land possessed by Russell Bou-
dreaux, "he [Russell] ran him off. He
made him go put it somewhere else be-
cause he cleared the land. Let Kenneth
go clear his own land."

The trial court noted that Linda and
Jimmy Andras had built a fence, estab-
lished utilities, and raised horses, chickens,
and ducks, and that Darlene Andras Har-
relson had established a home, built a shed
and trailer, and raised five kids on the
property. The trial court noted that Dar-
lene had fences on two sides of her prop-
erty, with the front of the property bound-
ed by the road and the back bounded by
the ditch and levee. The trial court noted
that there was no indication that she al-
lowed anyone else to possess her property
or come onto her land to establish that
they were going to live there, too.

These facts fit squarely within the intent
of article 1305 and may be distinguished
from those cases where farming, cutting
wood, trapping crawfish, paying taxes and
granting mineral leases on heir property
was deemed insufficient to show adverse
possession to co-owners. These general
activities on co-owned property evidence
enjoyment of same, not a claim to owner-
ship. But those cases did not involve
building homes with fences and expelling
co-heirs who intruded. The record sup-
ports the factual findings of the trial court,
which supposedly are to be viewed with
deference. I am chagrined that the court
of appeal's cursory review and this court's
lack of interest may result in the loss of

applicants' homes when the law supports their position.